IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 16-30091-MJR |
| vs. ) | |
| ) | |
| RICKY J. MCGEE, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S NOTICE OF ELEMENTS OF THE OFFENSE, STATUTORY PENALTIES AND ANTICIPATED ADVISORY GUIDELINE RANGE**

**Count 1:** To sustain the charge of Aiding and Abetting the Possession of Contraband by a Federal Inmate, as charged in Count 1 of the Indictment, the Government must prove the following propositions beyond a reasonable doubt:

- FIRST: the defendant knew that Edward Powell was an inmate of a Federal prison or correctional facility;
- SECOND: at the time stated in the indictment, Edward Powell knowingly possessed the object described in the indictment;
- THIRD: the defendant knowingly aided and abetted Edward Powell's possession of that objection; and
- FOURTH: the object was a prohibit object.

With respect to the aiding and abetting element, the Government must prove the following propositions beyond a reasonable doubt:

- FIRST: the defendant took an affirmative act in furtherance of the crime that was aided and abetted – namely, Edward Powell's Possession of Contraband by a Federal Inmate;

- SECOND: the defendant acted with the intent of facilitating that offense's commission; and

- THIRD: the defendant had advance knowledge and full awareness of the scope of the charged offense – that is, the defendant knew in advance that Powell, a federal inmate, possessed a prohibit object, namely, marihuana.

*Rosemond v. United States*, _U.S._, 134 S Ct. 1240, 1245,1249 (2014); *United States v. Cejas*, 761 F.3d 717 (7th Cir. 2014) (citing *Rosemond* at 1245).

**Count 2:** To sustain the charge of Providing Contraband to a Federal Inmate, as charged in Count 2 of the Indictment, the Government must prove the following propositions beyond a reasonable doubt:

> FIRST: the defendant knowingly provided, or attempted to provide, an object to an inmate of a prison;
> SECOND: providing of the object violated a statute, or a rule or order issued under a statute; and
> THIRD: the object is a prohibited object.

**Count 3:** To sustain the charge of Making a False Representation to the Bureau of Prisons, as charged in Count 3 of the Indictment, the Government must prove the following propositions beyond a reasonable doubt:

> FIRST: the defendant made a representation;
> SECOND: the representation was false;
> THIRD: the representation was material;
> FOURTH: the defendant acted knowingly and willfully; and
> FIFTH: the representation pertained to a matter within the executive branch of the United States Government

## PENALTIES

**Count 1:** A term of imprisonment of not more than 5 years, a fine up to $250,000, or both, a term of supervised release of not more than 3 years, and a $100 special assessment.

**Count 2:** A term of imprisonment of not more than 5 years, a fine up to $250,000, or both, a term of supervised release of not more than 3 years, and a $100 special assessment.

**Count 3:** A term of imprisonment of not more than 5 years, a fine up to $250,000, or both, a term of supervised release of not more than 3 years, and a $100 special assessment.

**Government's Position on the Advisory Guideline Range**

The Government anticipates that the base offense level in this case will be six (6), pursuant to §2P1.2(a)(3), for Counts 1 and 2. The Government further anticipates that the base offense level in this case will be six (6), pursuant to §2B1.1(a)(2), for Count 3. According to the grouping rules, three (3) units will be added to the highest offense level, resulting in an adjusted offense level of nine (9). The Government anticipates that, because the defendant entered a timely plea, he will receive a two-level downward adjustment for acceptance of responsibility, thus resulting in an adjusted offense level of seven (7).

A preliminary examination of the defendant's criminal history shows a total of three (3) points, which would place him in a Category II. An offense level 7, Criminal History Category II, equates with an advisory guideline range of 2-8 months, and a fine range of $1,000 to $9,500.

    Respectfully submitted,

    DONALD S. BOYCE
    United States Attorney

    s/ *Angela Scott*
    ANGELA SCOTT
    Assistant United States Attorney
    Nine Executive Drive
    Fairview Heights, IL  62208
    (618) 628-3700 (office)
    (618) 628-3730 (fax)
    E-mail:  Angela.Scott@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                                    Plaintiff,   ) | |
|                                           ) | CRIMINAL NO. 16-30091-MJR |
| vs.       ) | |
| RICKY J. MCGEE,       ) | |
|                                  Defendant.   ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2016, I electronically filed the **Government's Notice of Elements of the Offense, Statutory Penalties, and Anticipated Advisory Guideline Range** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    AFPD Ethan Skaggs

                                               Respectfully submitted,

                                               DONALD S. BOYCE
                                             United States Attorney

                                             s/*Angela Scott*
                                             ANGELA SCOTT
                                             Assistant United States Attorney
                                             Nine Executive Drive
                                             Fairview Heights, IL  62208
                                             (618) 628-3700 (office)
                                             (618) 628-3730 (fax)
                                             E-mail:  Angela.Scott@usdoj.gov